```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BECKLEY
```

**SHERRY L. MARTIN,**

    **Plaintiff,**

**v.**                                     **CIVIL ACTION NO. 5:04-0181**

**NATIONWIDE MUTUAL INSURANCE, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

## ON MOTION TO ENFORCE

Pending before the court is the defendants' motion to enforce the settlement agreement in this matter (Doc. No. 10). In support thereof, defendants state that the parties reached a full and final settlement of plaintiff's claims on August 27, 2004, as indicated by the August 27, 2005 correspondence attached to defendants' motion as Exhibit A.  On October 27, 2004, defense counsel again confirmed the settlement agreement, and in so doing forwarded a check in the agreed amount along with a "Release of All Claims and Confidentiality Agreement" and an "Order of Dismissal."  (Def.'s Motion to Enforce, Doc. No. 10, Ex. B.) Defense counsel then inquired in letters dated January 5, 2005, and February 18, 2005, as to the status of the release and order of dismissal.  (Def.'s Motion to Enforce, Doc. No. 10, Exs. C and D.)

As defendants observe, "[t]he law favors and encourages the resolution of controversies by contracts of compromise and

settlement rather than through litigation." Sanders v. Roselawn Memorial Gardens, Inc., 159 S.E.2d 784, 792 (W. Va. 1968). Further, "'it is the policy of the law to uphold and enforce such contracts if they are fairly made and are not in contravention of some law or public policy.'" Moreland v. Suttmiller, 397 S.E.2d 910, 915 (W. Va. 1990) (quoting Sanders, 159 S.E.2d 784, at syl. pt. 1).

Plaintiff has not responded to the defendants' motion to enforce. Indeed, it appears that plaintiff failed to respond to any of defendants' correspondence with regard to the settlement agreement. Because plaintiff has presented no reason or explanation for her failure to sign the documents she agreed to execute and return to defense counsel, and because it appears she has at no time disputed the terms or the existence of the settlement agreement, the court hereby **GRANTS** defendants' motion to enforce. Plaintiff is **ORDERED** to execute within thirty days of entry of this order the "Release of All Claims and Confidentiality Agreement" and the "Order of Dismissal" previously forwarded to her by defense counsel.

The court further **ORDERS** as follows:
1. The remaining requirements of the Scheduling Order that have not yet passed are hereby **CONTINUED** until further order of the court.

2.  The Clerk shall retire this action from the active docket of this court. The parties may, within thirty days after entry of this order, submit an agreed order of dismissal. Otherwise, dismissal will be entered without prejudice.

3.  The court may, for good cause shown, reinstate this action to the active docket, which good cause shall be set forth in writing and filed with the Clerk within said thirty days.

The Clerk is directed to send a copy of this written opinion and order to all counsel of record.

It is **SO ORDERED** this 19th day of July, 2005.

ENTER:

*David A. Faber*
David A. Faber
Chief Judge